J-S49042-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                             :           PENNSYLVANIA
                             :
        v.                   :
                             :
                             :
                             :
OARMELL BURRELL              :
                             :
        Appellant            : No. 423 WDA 2020

Appeal from the PCRA Order Entered February 4, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003355-2015


BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:           FILED NOVEMBER 20, 2020

Appellant, Oarmell Burrell, appeals pro se from the February 4, 2020, order entered in the Court of Common Pleas of Erie County, which dismissed his pro se document entitled "Motion to Appeal PCRA Petition which was Waived Due to Ineffective PCRA Counsel" under the auspices of the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing. After a careful review, we affirm.

The relevant facts and procedural history are as follows: On October 26, 2015, upon execution of a search warrant at Appellant's residence, the police seized cocaine, heroin, and drug paraphernalia. Appellant was charged with various drug offenses, and on April 3, 2017, Appellant, represented by

_____

[*] Former Justice specially assigned to the Superior Court.

counsel, proceeded to a non-jury trial, at the conclusion of which Appellant was convicted of possession with the intent to deliver a controlled substance, simple possession, and possession of drug paraphernalia.

On May 19, 2017, following a hearing, Appellant was sentenced to an aggregate of 33 months to 66 months in prison, to be followed by five years of probation. Appellant filed neither a timely post-sentence motion nor a direct appeal.

On January 2, 2018, Appellant filed a pro se document entitled "Motion to Reconsider Granting Time Credit Under New Circumstances Involving Petitioner." Therein, Appellant presented the sole issue of whether he was entitled to credit for time served in the Erie County Prison from July 19, 2016, to May 24, 2017. The PCRA court treated this document as a first, timely PCRA petition, and, on January 18, 2018, the court appointed William J. Hathaway, Esquire, to assist Appellant.

On February 16, 2018, Attorney Hathaway filed an amended PCRA petition. Therein, Attorney Hathaway presented the sole claim that Appellant's sentence was illegal in that he was not given credit for the ten months of time served in the Erie County Prison.

On April 4, 2018, the PCRA court gave Appellant notice of its intent to dismiss the PCRA petition without an evidentiary hearing, and having received no response from Appellant, on July 30, 2018, the PCRA court denied Appellant's first PCRA petition.

Appellant filed a counseled appeal to this Court. On appeal, Attorney Hathaway presented on behalf of Appellant the sole issue of whether the PCRA court erred in concluding Appellant was not entitled to ten months of credit for time served in the Erie County Prison pending trial.

Concluding Appellant's counsel, Attorney Hathaway, failed to adequately develop the argument on appeal, we found the issue to be waived. See Commonwealth v. Burrell, No. 186 WDA 2019 at 4 (Pa.Super. filed 8/16/19) (unpublished memorandum). In any event, we concluded Appellant's issue lacked merit, and thus, "even if properly preserved and presented, th[e] argument would not afford relief." Id. at 5.

Specifically, in concluding Appellant was not entitled to credit for time served in the Erie County Prison, this Court stated:

> [Appellant] acknowledges that he posted bond and was released on this case. The fact that he was later arrested and held in the Erie County Jail for some other reason is irrelevant, as a court must give credit "for all time spent in custody as a result of the criminal charge for which a sentence is imposed as a result of the conduct on which such a charge is based." 42 Pa.C.S. § 9760(1). Once he posted bail, [Appellant] was no longer in custody as a result of this charge. Therefore, even if properly preserved and presented, this argument would not afford relief.

Id. at 5 (footnote omitted).

Accordingly, this Court affirmed the PCRA court's order denying Appellant relief. See id. Appellant did not file a petition for allowance of appeal with our Supreme Court.[1]

On September 19, 2019, Appellant filed a pro se document entitled "Motion to Appeal PCRA Petition which was Waived Due to Ineffective PCRA Counsel."[2] Therein, Appellant sought the reinstatement of his direct appeal and/or his first PCRA appeal rights nunc pro tunc. Appellant asserted his first PCRA counsel, Attorney Hathaway, was ineffective in filing a deficient appellate brief.[3]

_____

[1] Appellant had until Monday, September 16, 2019, to file a timely petition for allowance of appeal to our Supreme Court from this Court's memorandum decision affirming the denial of his first PCRA petition. See Pa.R.A.P. 1113(a) (indicating a petition of allowance of appeal shall be filed within 30 days after the entry of the Superior Court's order sought to be reviewed); 1 Pa.C.S.A. § 1908) (indicating that in the computation of time where the last day falls on a Saturday or Sunday it is omitted from the computation).

[2] Based on the postage stamp, the record reveals the pro se document was handed to prison officials on September 19, 2019. Thus, although the document was not docketed until September 23, 2019, we shall deem it to have been filed on September 19, 2019. See Commonwealth v. Crawford, 17 A.3d 1279, 1281 (Pa.Super. 2011) ("Under the prisoner mailbox rule, we deem a pro se document filed on the date it is placed in the hands of prison authorities for mailing.").

[3] Appellant supplemented his September 19, 2019, pro se document with pro se documents filed on October 21, 2019, and January 10, 2020. In all of these pro se documents, Appellant presented similar claims seeking the reinstatement of his direct appeal and/or first PCRA appeal rights nunc pro tunc.

On January 14, 2020, the PCRA court provided Appellant with notice of its intent to dismiss Appellant's pro se petition under the auspices of the PCRA, and on or about February 3, 2020, Appellant filed an objection. By order entered on February 4, 2020, the PCRA court dismissed Appellant's petition, and this timely pro se appeal followed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the PCRA court filed a responsive Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant sets forth the following issues in his "Statement of the Questions Involved" (verbatim):

1. Did the PCRA court err when it failed to recognize that the Appellant's constitutional rights had been violated when he was prejudicially removed from the Commonwealth's jurisdiction before expiration of the applicable appeal period which denied Appellant his guaranteed right of appeal?

2. Did the PCRA court err when it failed to recognize that the Appellant's PCRA counsel, William Hathaway, Esquire, had abandoned him during the PCRA process by choosing not to raise the issue of reinstatement of Appellant's direct appeal rights nunc pro tunc?

Appellant's Brief at 4.

Initially, we note "[i]t is well-settled that the PCRA provides the 'sole means for obtaining collateral relief' on claims cognizable under the PCRA….The PCRA process includes appellate review of the claims." Commonwealth v. Bennett, 593 Pa. 382, 930 A.2d 1264 (2007) (quotations omitted). Further, once a first PCRA petition is ruled on by this Court, and the time for the petitioner to file a petition for allowance of appeal with the

Supreme Court has expired, a subsequent petition is an entirely new collateral action, even where the petition seeks relief in the form of a nunc pro tunc appeal. Commonwealth v. Robinson, 575 Pa. 500, 837 A.2d 1157 (2003). See Commonwealth v. Reid, ___ Pa. ___, 235 A.3d 1124, 1142 (2020) (rejecting a PCRA extension theory).

Consequently, with these precepts in mind, we conclude Appellant's September 19, 2019, pro se document, which presented claims cognizable under the PCRA, constituted a second PCRA petition. See Robinson, supra; Commonwealth v. Hutchins, 760 A.2d 50 (Pa.Super. 2000) (holding any petition for post-conviction collateral relief will generally be considered under the auspices of the PCRA, notwithstanding the title given to the petition, if the petition raises issues cognizable under the PCRA). Accordingly, we proceed to determine whether Appellant has met the PCRA timeliness requirements, which are jurisdictional in nature.[4] See Bennett, supra.

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42

_____

[4] We note:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Commonwealth v. Turetsky, 925 A.2d 876, 879 (Pa.Super. 2007) (citations omitted).

Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Commonwealth v. Monaco, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Id. at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[5] 42 Pa.C.S.A. §

_____

[5] 42 Pa.C.S.A. § 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." See 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). We shall assume, arguendo, the amended version of Subsection 9545(b)(2) is applicable to the instant matter.

9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

In the case sub judice, Appellant was sentenced on May 19, 2017, and he filed neither a timely post-sentence motion nor a direct appeal to this Court. Consequently, his judgment of sentence became final on June 19, 2017, upon expiration of the thirty day period to file a direct appeal in this Court. See Pa.R.A.P. 903(a). Appellant filed the instant petition on September 19, 2019, which is patently untimely. See 42 Pa.C.S.A. § 9545(b)(1).

This does not end our inquiry, however, as Appellant attempts to invoke the timeliness exceptions provided for in Subsection 9545(b)(1)(i), pertaining to governmental interference, and Subsection 9545(b)(1)(ii), pertaining to newly-discovered facts.

With regard to the governmental interference exception under Subsection 9545(b)(1)(i), Appellant claims that, after he was sentenced on May 19, 2017, federal authorities removed him from Erie County prior to the expiration of the 30-day appeal period. Appellant suggests that his transfer to a different jurisdiction and state interfered with his ability to continue with his legal right to appeal his conviction, which should be construed as governmental interference. Appellant's Brief at 9. Accordingly, Appellant contends his direct appeal rights should be reinstated nunc pro tunc.

We conclude Appellant has not met the initial threshold of proving he raised this claim within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Appellant was sentenced on May 19, 2017, and the time for him to file a direct appeal expired on June 19, 2017. Appellant now complains that during the 30-day appeal period he was improperly removed from Erie County and transferred to federal custody, which allegedly interfered with his right to file a direct appeal. However, Appellant has offered no explanation as to why he waited to raise this claim until the litigation of his instant PCRA petition, which was filed in 2019. Accordingly, he has not met the initial requirements of Section 9545(b)(2).

In any event, Appellant has not explained how his transfer to federal custody or "any of the conditions of his incarceration were illegal, as required to meet the governmental interference exception to [the] PCRA's timeliness requirements." Commonwealth v. Albrecht, 606 Pa. 64, 994 A.2d 1091, 1095 (2010) (citing 42 Pa.C.S.A. § 9545(b)(1)(i)) (governmental interference must violate United States or Pennsylvania Constitution or laws). Consequently, Appellant has failed to plead and prove his entitlement to the governmental interference timeliness exception under Subsection 9545(b)(1)(i).

Appellant next attempts to invoke the newly-discovered fact exception provided for in Subsection 9545(b)(1)(ii). Specifically, Appellant suggests that, when he received this Court's August 16, 2019, memorandum decision,

he discovered for the first time that PCRA counsel, Attorney Hathaway, had failed to include in the appellate brief the claim that Appellant's direct appeal rights should be reinstated nunc pro tunc. Appellant claims PCRA counsel's ineffectiveness in failing to include this issue constitutes a newly-discovered fact for purposes of Subsection 9545(b)(1)(ii).

"The timeliness exception set forth in [Subsection] 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." Commonwealth v. Brown, 111 A.3d 171, 176 (Pa.Super. 2015). Generally, a claim of ineffectiveness does not constitute a "fact" for purposes of the timeliness exception provided for in Subsection 9545(b)(1)(ii). See Commonwealth v. Gamboa-Taylor, 562 Pa. 70, 753 A.2d 780, 785 (2000) ("[A] claim for ineffective assistance of counsel does not save an otherwise timely petition for review on the merits.") (citation omitted)). See also Commonwealth v. Peterson, 648 Pa. 313, 192 A.3d 1123, 1130 (2018) (recognizing that, generally, "PCRA counsel's ineffectiveness cannot be advanced as a newly-discovered 'fact' for purposes of application of the [S]ubsection 9545(b)(1)(ii) exception to the PCRA's one-year time bar").

In an effort to circumvent Gamboa-Taylor and its progeny, Appellant claims that Attorney Hathaway's representation constituted abandonment or was the functional equivalent of a complete denial of counsel since Attorney

Hathaway did not raise in the PCRA appellate brief the issue seeking reinstatement of Appellant's direct appeal rights nunc pro tunc.

Our Supreme Court has held that PCRA counsel's ineffectiveness may constitute a newly-discovered fact for purposes of Subsection 9545(b)(1)(ii)'s timeliness exception "where PCRA counsel's ineffectiveness per se completely forecloses review of collateral claims." Peterson, supra, 192 A.3d at 1130. See Bennett, supra, 930 A.2d at 1273 (holding that where an appellant "made sufficient allegations that counsel abandoned him for purposes of his first PCRA appeal by failing to file an appellate brief[,]...[the appellant's] relief under [S]ubsection (b)(1)(ii) is not controlled by the Gamboa-Taylor line of case law").

However, our Supreme Court has recognized a distinction between situations in which counsel has narrowed the ambit of appellate review by the claims he has raised or foregone versus those instances where PCRA counsel's ineffectiveness per se completely forecloses review of collateral claims. See Peterson, supra. "In cases involving ineffectiveness per se, Subsection (b)(1)(ii) is a limited extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control." Peterson, supra, 192 A.3d at 1130 (quotation marks and quotation omitted).

In the case sub judice, we disagree with Appellant that PCRA counsel's failure to raise on appeal a particular issue (reinstatement of Appellant's direct

appeal rights) amounted to abandonment or a complete denial of counsel. Rather, PCRA counsel's omission, at most, "narrowed the ambit of appellate review." Bennett, supra, 930 A.2d at 1273. Thus, Appellant's relief under Subsection 9545(b)(1)(ii) is controlled by the Gamboa-Taylor line of cases. Accordingly, Appellant has not demonstrated he is entitled to Subsection 9545(b)(1)(ii)'s timeliness exception on this basis.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2020